UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - X

| | |
|---|---|
| UNITED STATES OF AMERICA | : SEALED ORDER |
| - v. - | : 21 Mag. 1957 (SN) |
| DENNIS SCAMARDELLA, | : |
| Defendant. | : |

- - - - - - - - - - - - - - - - - - X

WHEREAS, an application has been made by the United States of America, with defendant Dennis Scamardella's consent, for the temporary sealing of filings and other docket entries in the above-captioned case, and the captioning of the case as <u>United States</u> v. <u>John Doe</u> in the public docket;

WHEREAS, the Court finds that the defendant's safety may be placed at risk and active law enforcement investigations may be compromised if the Government's application is not granted;

IT IS HEREBY ORDERED that filings in the above-captioned case be filed under seal, and the case shall be captioned as <u>United States</u> v. <u>John Doe</u> in the public docket, until further order by this Court;

IT IS FURTHER ORDERED that no docket entries shall be made in the above-captioned matter until further Order by this Court;

1

IT IS FURTHER ORDERED that counsel for the defendant and the Government may be provided a copy of the transcript of proceedings in this matter without further Order of the Court; and

IT IS FINALLY ORDERED that the Government shall report to the Court on or before six months after execution of this Order regarding the continuing need, if any, to maintain these matters under seal.

SO ORDERED:

Dated:   New York, New York
         February 22, 2021

_____
THE HONORABLE SARAH NETBURN
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA : SEALED AFFIRMATION
AND APPLICATION
- v. - :
21 Mag. 1957 (SN)
DENNIS SCAMARDELLA, :

        Defendant :

- - - - - - - - - - - - - - - - - - X

MICHAEL R. HERMAN hereby affirms, under penalty of perjury and pursuant to Title 28, United States Code, Section 1746, as follows:

1. I am an Assistant United States Attorney in the office of Audrey Strauss, United States Attorney for the Southern District of New York, and I am familiar with this matter. By this affirmation, the Government applies for an order of the Court directing that filings and other docket entries in the above-captioned case be filed under seal, and that the case be captioned United States v. John Doe in the public docket.

2. On or about February 19, 2021, defendant Dennis Scamardella was arrested and, on or about February 22, 2021, he was presented before the Honorable Sarah Netburn, United States Magistrate Judge for the Southern District of New York, on a Complaint.

3. Since Scamardella's arrest, he has provided information to law enforcement officers about unlawful conduct and

1

indicated an intent to continue working proactively with the Government. Scamardella's assistance has included providing the Government with detailed information concerning ongoing narcotics diversion activity committed by licensed medical personnel. That information has thus far proven reliable and is consistent with a law enforcement investigation in connection with this case.

4. The Government anticipates that, after further investigation, information provided by Scamardella may be presented to a grand jury in this District, for purposes of obtaining an indictment against those involved in the narcotics diversion scheme, and further that subpoenas may be issued in the name of the grand jury for records pertaining to this investigation.

5. Although there is a qualified right of public access to Court documents, the Second Circuit has recognized that documents may be filed under seal to protect, among other things, a cooperating defendant's safety or to further ongoing law enforcement efforts, including grand jury investigations. See United States v. Cojab, 996 F.2d 1404, 1407-09 (2d Cir. 1993) (affirming sealing order); United States v. Haller, 837 F.2d 84, 88 (2d Cir. 1988) (affirming decision to seal that portion of a plea agreement that referred to a defendant's ongoing cooperation);

see also Fed. R. Crim. Pro. 49.1(d) and (e) & advisory committee note (permitting a court to order filings to be made under seal, and explicitly listing, as an example, "plea agreements indicating cooperation"). The Second Circuit has also recognized that even docketing the applications to seal those materials could be prejudicial, and in such cases the applications themselves and related notes to the docket could be sealed. See United States v. Alcantara, 396 F.3d 189, 200 n.8 (2d Cir. 2005). Docketing this case under the pseudonym "John Doe," and sealing all filings in the case, is equivalent to making a sealed entry in the docket sheet.

6. Compelling law enforcement interests support an order directing that filings and other docket entries in this case be made under seal. The Government has learned through information provided by Scamardella and independent investigation that Scamardella may be involved in a scheme to divert narcotics, including opioids, involving licensed medical personnel in the New York City area. If Scamardella's co-conspirators learned about the charges against Scamardella or his assistance, they could flee, stop their illegal activity, destroy or delete records, and take other steps to avoid detection. Exposure of Scamardella's assistance could jeopardize an ongoing investigation and place at risk investigative officers and, in the future, potentially

3

undercover officers. Scamardella's own safety could be compromised if the charges against him were exposed and he went to meet with co-conspirators as part of his proactive assistance. An order sealing filings and other docket entries in the above-captioned case would greatly reduce the risk that Scamardella's ongoing assistance or the charges against Scamardella will be exposed.

7. Scamardella's assistance (and the charges against him) will not be kept sealed indefinitely, however. The Government anticipates that, if Scamardella's assistance leads to the arrest and prosecution of other targets of this investigation, the filings in this case may be unsealed, and the docket sheet could reflect the true caption of this case. At that time, the Government will move this Court for an order unsealing the filings of this case, and restoring the true caption of the case to the docket sheet.

8. Accordingly, the Government requests that filings and other docket entries in the above-captioned case, including this Affirmation and any order issued in connection with it, be filed under seal, and that the case be captioned <u>United States</u> v. <u>John Doe</u> in the public docket, until further order of the Court.

No prior request for the relief set forth herein has been made, and counsel for Scamardella has consented to this application.

Dated:  New York, New York
        February 22, 2021

_____
MICHAEL R. HERMAN
SAMUEL P. ROTHSCHILD
Assistant United States Attorneys
Southern District of New York
(212) 637-2221 / -2504